# WILLS.

[Hamilton Circuit Court, July, 1896.]

## KLINE, ADM'R, v. MARSH ET AL.

RULES OF CONSTRUCTION.

> In construing a will and getting at its true meaning, the main and controlling rule is that the intention of the testator when ascertained is to prevail, and the words used are to be taken in connection with the surrounding circumstances.

This was an action to construe the will and codicils thereto of William E. Marsh, who died in August, 1879. The will was dated May 20, 1863, and there were appended five codicils of dates from 1865 to 1877. The principal question was whether the children of the testator, at his death, acquired a vested estate, either legal or equitable, in the Galt House property in this city or its proceeds; and if they did, whether the vested estate so acquired by each child was determinable upon the death of such child without leaving issue.

SWING, J.

We are of the opinion that the matter in controversy here falls within the rule in the case of *Richey* v. *Johnson*, 30 O. S., 288. By the will of Marsh as to the Galt House property, there was no vesting of the real estate in the Marsh children; but the gift was of personalty, and to the heirs living at the time distribution of the proceeds could be made, to-wit, August, 1895.

We have gone over twice the briefs of counsel in this case, and have given them such careful consideration as we are capable of. We do not think it necessary in deciding the case to review the authorities cited. All cases and all authorities recognize the fact that the main and controlling rule is that the intention of the testator when ascertained is to prevail; and further, that generally the construction placed on one will very seldom furnishes much aid in the construction of another. You can get general rules, but when you want to get the real meaning of a will the words used taken in connection with the surrounding circumstances must furnish the most reliable means of getting at the true meaning.

Our reading of the will indicates to us that the testator intended to place this particular property in the hands of his executor to lease it, to mortgage it, or to sell it under the various contingencies provided for, and after sale the net proceeds to be divided equally between his children, or to their heirs in case of their death before such sale. The only gift to the children is the gift of the "net proceeds" of the sale. It is a gift of personalty, and to those living at that time, or in case of death before such sale, their heirs if living, and those who take the bequests.

*James E. Robinson*, for Plaintiff.

*Bateman & Harper, contra.*